UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATHAN SWIECICHOWSKI, TIMOTHY SWIECICHOWSKI, PETA, MISCHIEF, YAHOO, CHASE JP MORGAN NA, and MENOMINEE INDIAN TRIBE NATION,<br><br>Plaintiffs,<br><br>v.<br><br>D.O.C., D.O.C. ADMINISTRATOR, D.O.C. SUPERVISOR, U.S. ATTORNEY GENERAL, ERIC GENRICH, CALEB J. SAUNDERS, RON JOHNSON, M.A.G. UNIT, LYNN S. ADELMAN, WILLIAM GRIESBACH, TIMOTHY CARNAHAN, BROWN COUNTY SHERIFF'S DEPARTMENT, GREEN BAY POLICE DEPARTMENT, WISCONSIN DEPARTMENT OF REVENUE, D.C.C., D.O.C. REGIONAL CHIEF, DEMOCRATIC PARTY, MARC A. HAMMER, WISCONSIN ATTORNEY GENERAL, TONY EVERS, WISCONSIN STATE TROOPERS, STEPHEN C. DRIES, K. KELLEY, U.S. MARSHALLS, DRUG TASK FORCE, BROWN COUNTY SHERIFF, CHRIS DAVIS, DRUG ENFORCEMENT AGENCY, BROWN COUNTY JAIL, UW COLLEGE SYSTEM, STATE PUBLIC DEFENDER'S OFFICE, GREEN BAY METRO TRANSIT, TIMOTHY L. GREIL, DE PERE POLICE DEPARTMENT, MICHAEL J. ZOLPER, JOHN ZAKOWSKI, BROWN COUNTY JAIL ADMINISTRATOR, SECURUS, CHRISTOPHER FROELICH, BROWN COUNTY PUBLIC LIBRARY, SEAWAY PRINTING INC., LANDLORD, and STATE OF WISCONSIN,<br><br>Defendants. | Case No. 24-CV-1601-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

Plaintiff Nathan Swiecichowski ("Plaintiff"), proceeding pro se and ostensibly along with various other named Plaintiffs, sues over forty defendants ("Defendants") for alleged civil rights violations. ECF No. 1. Plaintiff also moves for leave to proceed without prepayment of the filing fee. ECF No. 2. This Order screens Plaintiff's complaint and addresses his motion for leave to proceed in forma pauperis.

For the reasons discussed herein, the Court will dismiss this case, deny Plaintiff's motion for leave to proceed in forma pauperis as moot, and impose a filing bar against Plaintiff.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

Page 2 of 10
Case 1:24-cv-01601-JPS    Filed 12/30/24    Page 2 of 10    Document 10

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those "impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court declines to analyze whether Plaintiff is indigent because, as it discusses *infra* Section 3, there are barriers that prevent Plaintiff from proceeding with this lawsuit. The Court will accordingly deny Plaintiff's motion for leave to proceed in forma pauperis as moot.

### 3. SCREENING THE COMPLAINT

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his complaint, Plaintiff complains that he "feel[s] . . . punished for invoking [his] Constitutional Rights." ECF No. 1 at 4. He asserts that "[s]ince impeachment is involved, Congress MUST be involved and [it] is almost the end of the Congressional year." *Id.* He references the United Nations, *id.*; the Espionage and Patriot Acts, *id.*; the Geneva Convention, *id.* at 5; the American Revolution, *id.*; "Edward Snowden's innocence," *id.* at 6; Donald Trump; *id.*; Russia, *id.*; and the Star Spangled Banner, *id.* He requests that his damages be "paid in gold and silver, for a total of 1.94 ump-trillion . . . and counting." *Id.* at 7. He also requests that he be granted the opportunity to "[m]eet Vladimir Putin." *Id.*

Plaintiff's complaint is irremediably deficient. It is largely incoherent. It lists as Defendants many individuals and entities with no apparent relation to Plaintiff, as well as persons almost certainly entitled to immunity, including various judges. *Id.* at 1 (listing as defendants, inter alia, "Judge Lynn Adelman," "Judge William Griesbach," and "Judge K.

Kelley"). The body of the complaint does not reference—let alone attribute wrongdoing to—most of the over forty named Defendants. Plaintiff also relies heavily on references to his many previous cases rather than actually detailing the factual bases for his complaints. *See generally id.* The case also appears to be at least partially duplicative of another that Plaintiff filed in November 2024, *see Nathan Swiecichowski et al. v. Department of Corrections et al.*, Case No. 24-CV-1437-WCG, ECF No. 1 (E.D. Wis. Nov. 7, 2024), as well as his previous cases generally.[2]

Plaintiff's complaint wholly fails to comply with Rule 8 and is frivolous on its face. Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Plaintiff has not done so. To the contrary, he appears to have compiled a confusing assortment of very generalized complaints about broad topics including tyranny, treason, and human rights.

Plaintiff's complaint also demonstrates an apparent attempt at judge-shopping. All of Plaintiff's previous cases have been assigned to, and ultimately dismissed by, Judges Lynn Adelman and William Griesbach. *See supra* note 2 and accompanying text. In a transparent attempt at avoiding another such result, Plaintiff has named Judges Adelman and Griesbach as defendants in this case but has not actually attributed any wrongdoing to them. This is highly improper and an abuse of the judicial system. *See*

---

[2]*See, e.g., Swiecichowski v. Brown County et al.*, No. 22-CV-1058-LA (E.D. Wis. Sept. 2022); *Swiecichowski v. Brown County Sheriff's Office,* No. 22-CV-1157-LA (E.D. Wis. Sept. 2022); *Swiecichowski v. Brown County Sheriff's Department et al.,* No. 22-CV-1387-LA (E.D. Wis. Nov. 2022); *Swiecichowski v. Brown County Sheriff's Department et al.,* No. 22-CV-1426-LA (E.D. Wis. Nov. 2022); *Swiecichowski v. Department of Corrections et al.,* No. 22-CV-1427-LA (E.D. Wis. Nov. 2022).

*Puchner v. Maxwell*, No. 24-CV-478, 2024 U.S. Dist. LEXIS 80999, at *2 (E.D. Wis. May 3, 2024).

For all these reasons, the Court will order that this case be dismissed with prejudice.

**4.    FILING BAR**

In addition to ordering that this case be dismissed, the Court will impose a filing bar against Plaintiff. Plaintiff has filed over 20 cases over the past two years. He "struck out" two years ago under Section 1915(g) for repeatedly filing prisoner cases that failed to state a claim. *See Nathan Swiecichowski v. Brown County Sheriff's Department*, No. 22-CV-1349-LA, ECF No. 7 at 5–6 (E.D. Wis. Dec. 5, 2022). The dockets of his many cases demonstrate that he has inundated the Clerk's Office with frequent, duplicative filings. *See* dockets of cases cited *supra* note 2. This will no longer be permitted.

"[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to addressing all manner of largely incoherent filings by the same litigant. Plaintiff has consumed far more than his share of scarce and valuable judicial resources, and his pro se status does not "insulate h[im] from sanctions for filing frivolous and meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement a filing bar that is "narrowly tailored to the type of abuse" and that does not "bar the

courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for the N. Dist. of Ill.*, 324 Fed. App'x 500, 502 (7th Cir. 2009). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-cv-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11).

Plaintiff represents that he is homeless, ECF No. 1 at 2, so the Court will decline to impose a financial penalty. *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016) (encouraging courts to consider lesser sanctions before imposing more stringent ones like dismissal (citing *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014); *Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011); and *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999))); *Hoskins*, 633 F.3d at 544 (noting that financial sanctions are not as effective against indigent parties).

Accordingly, and for all the reasons discussed herein, the Court will impose a filing bar on Plaintiff. Plaintiff is hereby barred from filing any new case in this District or filing any paper in any existing case in this District for a period of **five (5) years** from the date of this Order. The scope of that bar includes motions for reconsideration, but it does not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a defendant [or] any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186; *see also Mucha v. Wisconsin*, No. 12-CV-202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999))). The Clerk of Court is directed to return

unfiled any papers falling within the scope of this filing bar until the filing bar expires.

5.     **CONCLUSION**

As discussed herein, Plaintiff's case will be dismissed with prejudice as frivolous and noncompliant with Rule 8, among other deficiencies. That renders Plaintiff's motion for leave to proceed in forma pauperis moot, and it will be denied as such. Further, in order to curb Plaintiff's frequent frivolous litigation and as a sanction for judge-shopping, Plaintiff is from the date of this Order subject to the filing bar described herein.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Nathan Swiecichowski's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Nathan Swiecichowski be and the same is hereby **BARRED** from filing any new case in this District or filing any paper in any existing case for a period of **five (5) years** from the date of this Order. The scope of that bar includes motions for reconsideration, but it does not include notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus. The Clerk of Court is directed to **RETURN UNFILED** any papers falling within the scope of this filing bar until the filing bar expires.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.